IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FIREMAN'S FUND, | ) | |
| Plaintiff, | ) | 8:03CV341 |
| v. | ) | |
| STRUCTURAL SYSTEMS TECHNOLOGY, INC., | ) | JUDGMENT |
| Defendant. | ) | |
| STRUCTURAL SYSTEMS TECHNOLOGY, INC., | ) | 8:04CV194 |
| Plaintiff, | ) | |
| v. | ) | JUDGMENT |
| NATIONAL FIRE & MARINE INSURANCE CO., et al. | ) | |
| Defendants. | ) | |

This matter is before the court on Duhamel Broadcasting Enterprises' ("Duhamel") application for attorneys fees, Filing No. 103 in 8:03CV341, and Filing No. 187 in 8:04CV194. In an earlier order, this court granted fees to Duhamel in an amount to be determined after review of its application. *See* Filing No. 101 in 8:03CV341 and Filing No. 185 in 8:04CV194. The court has reviewed the evidence in support of the application, Filing No. 104 in 8:03CV341, and Filing No. 188 in 8:04CV194.

In determining the value of legal services rendered by an attorney for awarding fees under Neb. Rev. Stat. § 44-359, it is proper to consider the amount involved, the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and

diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services. *National Am. Ins. Co.,* 502 N.W.2d at 825. In consideration of those factors, the court has reviewed Duhamel's submissions and finds that the fees that it seeks are reasonable. Based on its familiarity with the case, the court finds the hours and labor expended by Duhamel's counsel on the case were reasonable. The case involved complicated issues that required substantial research and briefing. The parties filed and responded to numerous motions. Attorneys Blagg and Douglas have submitted affidavits and timesheets. Based on the affidavits and on the court's familiarity with fees in the community, the court finds the hourly rate is reasonable.

Additionally, the award is in line with awards in similar cases and in line with fee awards to other parties in this case. The court also finds Duhamel has reasonably apportioned the fees between the insurers. The court has considered Great American's objection to the fees as excessive and duplicative of work performed by other parties' attorneys, Filing No. 105 in 8:03CV341, and finds that contention lacking in merit. The court is familiar with the litigation and finds that Duhamel's attorneys expended a reasonable amount of time and effort in view of Duhamel's interest in the outcome of the litigation. Accordingly, Duhamel is awarded fees in the amounts of $6,937.48 from defendant Fireman's Fund, $17,486.98 from defendant Great American E&S Insurance, and $13,908.23 from National Fire & Marine Insurance.

IT IS HEREBY ORDERED:

1. Judgment for attorneys' fees in the amount of $6,937.48 is entered in favor of Duhamel and against Fireman's Fund.

2. Judgment for attorneys' fees in the amount of $17,486.98 is entered in favor of Duhamel and against Great American E&S Insurance.

3. Judgment for attorneys' fees in the amount of $13,908.23 is entered in favor of Duhamel and against National Fire & Marine Insurance.

DATED this 8TH day of February, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief U.S. District Court Judge